UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MELVIN AVON WESSON,

                          Plaintiff,

                                            9:19-CV-0609
v.                                          (TJM/ML)

CORRECTIONS OFFICER LUIS
OLIVENCIA; and CORRECTIONS
OFFICER DWAYNE DANZY,

                          Defendants.
_____

APPEARANCES:                            OF COUNSEL:

MELVIN AVON WESSON
  *Pro Se* Plaintiff
Greene Correctional Facility
Post Office Box 975
Coxsackie, New York 12051

LETITIA A. JAMES                        BRENDA BADDAM, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

      Currently before the Court, in this civil rights action filed by Melvin Avon Wesson

("Plaintiff") against Corrections Officer Luis Olivencia and Corrections Officer Dwayne Danzy

("Defendants"), is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No.

37.)  For the reasons set forth below, I recommend that Defendants' motion to dismiss (Dkt. No.

37) be granted and Plaintiff's Second Amended Complaint (Dkt. No. 28) be dismissed.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Claims

Generally, liberally construed, Plaintiff's Second Amended Complaint asserts that—pursuant to the Eighth Amendment and 42 U.S.C. § 1983—Defendants failed to protect him while he was in the custody of the New York State Department of Corrections and Community Services ("DOCCS").  (*See generally* Dkt. Nos. 28, 30.)  More specifically, Plaintiff alleged that on May 19, 2016, he fell out of a transport van parked outside of a hospital because he was fatigued, his legs were shackled, and Defendants failed to assist him out of the vehicle.

### B.    Procedural History

On May 22, 2019, Plaintiff commenced this civil rights action by the filing of a Complaint and motion to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)  On July 18, 2019, Senior United States District Judge Thomas J. McAvoy issued an order that granted Plaintiff's IFP application, and—after reviewing the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A—dismissed Plaintiff's claims without prejudice for failure to state a claim upon which relief may be granted.  (Dkt. No. 9.)

On December 9, 2020, Plaintiff filed an Amended Complaint.  (Dkt. No. 24.)  By decision and order dated January 15, 2021, Judge McAvoy found that Plaintiff's Eighth Amendment failure to protect claim survived *sua sponte* review and directed the New York State Attorney General's Office to produce information regarding the identities of the Doe defendants named in the Amended Complaint pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).  (Dkt. No. 25.)  On February 11, 2021, the Attorney General's Office produced the identities of Defendants.  (Dkt. No. 26.)

On March 22, 2021, Plaintiff filed the Second Amended Complaint. (Dkt. No. 28.) By decision and order dated April 19, 2021, Judge McAvoy found that Plaintiff's Eighth Amendment failure to protect claim against Defendants survived *sua sponte* review. (Dkt. No. 30.)

On June 15, 2021, Defendants filed the pending motion to dismiss. (Dkt. No. 37.) The deadline for Plaintiff to respond to Defendants' motion was July 6, 2021. (Dkt. No. 38.) On July 8, 2021, the Court extended the deadline for Plaintiff to respond to August 9, 2021. (Dkt. No. 40.) On August 11, 2021, the Court extended the deadline for Plaintiff to respond to September 1, 2021. (Dkt. No. 42.) On September 13, 2021, the Court extended the deadline for Plaintiff to respond to October 4, 2021. (Dkt. No. 44.)

To date, Plaintiff has not filed a response to the pending motion. (*See generally* docket sheet.)

### C.    Parties' Briefing on Defendants' Motion for Summary Judgment

Generally, in support of their motion for summary judgment, Defendants assert that the Second Amended Complaint fails to state a claim upon which relief may be granted because (1) Plaintiff failed to allege that Defendants knew of or disregarded an excessive risk to Plaintiff's health and safety, and thus failed to assert facts plausibly suggesting the subjective prong for a failure to protect claim; and (2) Plaintiff failed to allege that he faced a substantial risk of serious harm, and thus failed to allege facts plausibly suggesting the objective prong for a failure to protect claim. (Dkt. No. 37, Attach. 1 [Defs.' Mem. of Law].) More specifically, with respect to the subjective prong, Defendants argue that Plaintiff infers that he looked fatigued and was the oldest among the other passengers but does not allege that (a) he informed Defendants he was feeling ill or was at risk of falling, or (b) Defendants rushed him out of the van or created any

3

conditions that would place him in any risk of danger.  (*Id*.)  Moreover, Defendants argue that

the exhibits attached to the Second Amended Complaint support the fact that Plaintiff attempted

to get out of the van before staff assisted him at Albany Medical Center.  (*Id*.)  Defendants argue

that, with respect to the objective prong, the Second Amended Complaint fails to allege that

Plaintiff was prone to falling or any association between his advanced age and his fall.  (*Id*.)

As set forth above in Part I.B. of this Order and Report-Recommendation, to date,

Plaintiff has failed to file an opposition to Defendants' motion.  (*See generally* docket sheet.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d

204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo*

review).

Because such dismissals are often based on the first ground, a few words regarding that

ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  In the Court's view, this tension between

permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement

to relief is often at the heart of misunderstandings that occur regarding the pleading standard

established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain"

pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F.

Supp. 2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice*

of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at

212, n.17 (citing Supreme Court cases) (emphasis added).[1]

      The Supreme Court has explained that such *fair notice* has the important purpose of

"enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak*, 629 F. Supp.

2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-52 (2009).

      Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

---

[1]    *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

However, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (Sharpe, M.J.) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). As a result, *Twombly* and *Iqbal* notwithstanding, the court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

### B.    Legal Standard Governing Unopposed Motions

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein...."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

III.    ANALYSIS

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 831 (1994)). This requirement includes a general "duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833.

However, not "every injury suffered by [a] prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Prison officials can be held responsible for such harms only if they act with "deliberate indifference" to inmate safety. *Hayes*, 84 F.3d at 620. The test for establishing deliberate indifference to inmate safety has an objective component and subjective component. First, under the objective prong, a plaintiff must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, under the subjective prong, a plaintiff must establish that the prison official acted with a "sufficiently culpable state of mind." *Id*.

To evaluate culpability under an Eighth Amendment deliberate indifference framework, a prison official must know that the plaintiff "face[d] a substantial risk of harm and he disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620 (citing *Farmer*, 511 U.S. at 842, 845). The prison official need not be "aware[ ] of the specific risk to the plaintiff or from the assailant." *Warren v. Goord*, 579 F. Supp. 2d 488, 495 (S.D.N.Y. 2008). Rather, the risk may come from a "single source or multiple sources" and may be a risk that all prisoners in the plaintiff's position face. *Warren*, 579 F. Supp. 2d at 495 (quoting *Farmer*, 511 U.S. at 843). However, "[d]eliberate indifference requires 'more than

mere negligence.'" *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (quoting *Farmer*, 511 U.S. at 835).

For the reasons set forth in Defendants' memorandum of law, I recommend that the Court grant their motion because Plaintiff failed to allege facts plausibly suggesting the subjective and objective prongs of his Eighth Amendment failure to protect claim. (*See generally* Dkt. No. 37, Attach. 1.) The following is intended to supplement, not supplant, those reasons.

First, Plaintiff fails to allege facts plausibly suggesting that Defendants knew of or disregarded an excessive risk to Plaintiff's health and safety. *See Munlyn v. Pietrie*, 13-CV-6170, 2014 WL 3695488, at *7 (W.D.N.Y. July 24, 2014) (citation omitted) ("Accepting as true, Plaintiff's allegations that the attention of CO. Pietrie, CO. Koon and CO. Newark was diverted by a female officer transporting another inmate, and they 'neglected their responsibilities' by permitting him, while shackled incorrectly, to proceed unescorted down the stairs and as a result, he slipped and fell down the stairs, sustaining injuries to his neck, back and wrist, the Complaint, at most, alleges no more than a simple claim of negligence, which under well settled law, does not give rise to a cause of action under § 1983, even if corrections staff had actual or constructive knowledge of the danger."); *Goodwin v. Hungerford*, 12-CV-0362, 2014 WL 1219050, at *6-7 (W.D.N.Y. Mar. 24, 2014) (finding that the complaint failed to allege facts plausibly suggesting the subjective element of the plaintiff's Eighth Amendment failure to protect claim where, *inter alia*, the complaint did not allege that the defendants "were aware of, yet disregarded, Plaintiff's medical condition in ordering Plaintiff to descend stairs while in mechanical restraints that, given Plaintiff's medical condition, rendered it difficult to obey the command. Nor does Plaintiff allege that he had a medical restriction from such activity at that time."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) (in case concerning prisoner slip-and-fall claim, holding

that "[a]lthough plaintiff alleges that defendants were aware of the dangerous condition of the shower floor and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim").

Second, Plaintiff fails to allege facts plausibly suggesting that he faced a substantial risk of serious harm. Although Plaintiff alleges that Defendants parked the transport van on a hill, the Second Amended Complaint fails to allege facts plausibly suggesting that exiting the transport van presented a substantial risk of serious harm.

"Courts in this Circuit [have held] that bodily injuries stemming from a slip and fall due to water on the floor do not rise to the level of a constitutional violation." *James v. Westchester Cnty.*, 13-CV-0019, 2014 WL 4097635, at *3 (S.D.N.Y. Aug. 19, 2014) (citing *Flowers v. City of New York*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the City for the slip and fall that resulted in plaintiff's ankle injury—a garden variety tort—is not cognizable under Section 1983.")). This is true "even where . . . the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it." *Edwards v. City of New York*, 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009).

Similarly here, Plaintiff's allegations do not rise to the level of a constitutional violation. *See Lynch v. Jane Doe Corr. Officer Blue*, 14-CV-6919, 2016 WL 5875098, at *3 (S.D.N.Y. Oct. 7, 2016) (dismissing the plaintiff's Eighth Amendment failure to protect claims for failure to state a claim upon which relief may be granted where the inmate plaintiff was directed by Defendant Waxter to change seats while the transport van the plaintiff was traveling in was in motion, Defendant Asquith was driving, and Defendant Blue was in the front passenger seat, and the plaintiff fell into the door-well of the van and injured her hands and back).

As a result, I recommend that the Court grant Defendants' motion and dismiss the Second Amended Complaint.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Second Amended Complaint (Dkt. No. 28) be **<u>DISMISSED</u>** in its entirety for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6); and it is further respectfully

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 37) be **<u>GRANTED</u>**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 17, 2022
        Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge

---

[2]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).