**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MELVIN AVON WESSON,**

                              **Plaintiff,**

       **v.**                                          **9:19-CV-609**
                                                   **(TJM/ML)**

**CORRECTIONS OFFICER LUIS**
**OLIVENCIA, and CORRECTIONS**
**OFFICER DWAYNE DANZY,**

                              **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, Corrections Officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights when they failed to protect him from falling when he exited a van during a medical transport. After preliminary evaluation and service of Plaintiff's Second Amended Complaint, Defendants filed a motion to dismiss. The Court referred the matter to the Hon. Miroslav Lovric, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation, dated February 17, 2022, recommends that the Court grant Defendants' motion to dismiss. <u>See</u> dkt. # 45. Judge Lovric finds that Plaintiff

has failed to allege that he faced a serious risk of substantial risk of serious harm from exiting the transport van and failed to allege that Defendants did not act even though they were aware of that risk.  Judge Lovric offers no recommendation on whether the Court should grant the motion with or without prejudice.

After several delays, Plaintiff filed objections to the Report-Recommendation.  See dkt. # 52.  When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Plaintiff's claim here is that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment.  "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody."  Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996).  To prevail on such a claim, a plaintiff must show both that the conditions of his confinement "pos[ed] a substantial risk of serious harm" and that "defendant prison officials possessed a sufficient culpable intent."  Id.  To meet the second part of this test, a plaintiff must allege that the defendant had "knowledge that an inmate face[d] a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate that harm."

Plaintiff's objections concede that he has failed to offer sufficient facts to make his Eighth Amendment claim plausible.  See dkt. # 52.  He claims, however, that failings in his

2

filing are a result of his pro-se status and his lack of knowledge of the law. He sought the assistance of attorneys, but could not pay a retainer fee. The Court denied requests for appointed counsel, and Plaintiff could not find anyone of sufficient skill at his prison to help him draft an adequate complaint. He has now found such assistance, and the Plaintiff requests additional time to file another amended complaint that adequately raises an Eighth Amendment claim. Defendants respond to this filing by arguing that Plaintiff's objections are inadequate and he has not provided a sufficient basis for leave to file another amended complaint.

Having reviewed the record *de novo* and having considered the other issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Judge Lovric for the reasons stated in the Report-Recommendation. Plaintiff's Second Amended Complaint does not allege the conditions of Plaintiff's transport represented a substantial risk of serious harm, or that Defendants knew of that risk and disregarded it. Indeed, Plaintiff's objections concede that he has failed to state a claim upon which relief could be granted. The Court, Plaintiff therefore admits, should grant Defendants' motion to dismiss.

Judge Lovric's Report-Recommendation does not recommend whether the Court should grant Plaintiff leave to amend the complaint again. Defendants respond that Plaintiff has already been granted an opportunity to amend his pleading, and did not succeed in stating a claim. Defendants also insist that amendment would be futile, as Plaintiff's claims sound more in negligence than in a deprivation of a constitutional right. Finally, Defendants point out that the case has been pending for more than two years, and Plaintiff has made little progress in advancing his claims.

3

The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)).  Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)).  Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).  "In gauging prejudice, [courts] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting Block, 988 F.2d at 350).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  Prejudicial delay can occur when "the amendment [comes] on the eve of trial and would result in new problems of proof" such as a need for "a great deal of additional discovery."  Id.

The Court will permit Plaintiff one final chance to plead his claims on the single issue remaining in the Complaint: whether the remaining Defendants violated Plaintiff's constitutional rights by failing to protect him from injury during transport.  The Court finds that Plaintiff may have facts sufficient to raise a plausible claim that Defendants were deliberately indifferent to a serious risk of injury in that setting.  He may be able to plead

4

such a case with better guidance.  In any case, Defendants would not appear to suffer undue prejudice from being required to respond to such a claim.

As such:

It is therefore  **ORDERED** that Plaintiff's objections to the Report-Recommendation of Magistrate Judge Lovirc, dkt. # 52, are hereby OVERRULED.  The Report-Recommendation, dkt. # 45, is hereby ACCEPTED and ADOPTED.   Defendants' motion to dismiss, dkt. # 37, is hereby GRANTED.  Plaintiff's Complaint is hereby DISMISSED without prejudice.  Plaintiff may file a Second Amended Complaint that raises claims against Dwayne Danzy and Luis Olivencia for allegedly violating his Eighth Amendment rights in connection with the transport in question.  The Second Amended Complaint shall be filed within 45 dates of the date of this Order.  Failure to file the Second Amended Complaint within 45 days will cause the Court to dismiss the action with prejudice.

Plaintiff is advised that an amended complaint **supersedes in all respects** the prior pleading.  Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court with prejudice.  Therefore, if plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for the claim asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**


**IT IS SO ORDERED.**

Dated: July 6, 2022

Thomas J. McAvoy
Senior, U.S. District Judge

5